UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TORRANCE VERDIN                                                    CIVIL ACTION

VERSUS

LT. CHARLES CREEL, ET AL.                                          NO. 25-658-JWD-RLB

### ORDER

Before the Court are Torrance Verdin's ("Plaintiff") Motion to Compel Compliance With Rule 26 (the "Motion"), Lieutenant Skylar Farris and the Louisiana Department of Public Safety and Corrections' ("Defendants") opposition, and Plaintiff's reply. (R. Docs. 26; 30; 39). Also before the Court is Plaintiff's Motion for Leave to File Supplemental Memorandum in Support of the Motion (the "Motion to File a Second Reply"). (R. Doc. 49).

**I.    Background**

On June 9, 2025, Plaintiff sued Defendants, Lieutenant Charles Creel, a female officer, and Captain Keenan Letcher in 18th J.D.C. of Iberville Parish, Louisiana. (R. Doc. 1-6). On July 30, 2025, Defendants removed the case to this Court based on federal question jurisdiction. (R. Doc. 1). On October 28, 2025, this Court set October 31, 2025 as the deadline for exchanging initial disclosures under Fed. R. Civ. P. 26 ("Rule 26"). (R. Doc. 27).

On October 23, 2025, Defendants sent Plaintiff their initial disclosures. (R. Doc. 26-3). Defendants provided Plaintiff with a list of persons they believed to possibly have discoverable information, noting nearly all persons listed could be contacted through Defendant's counsel. Defendants provided an address for only one of the listed persons, Charles Creel. The following accompanies ten of the thirteen names provided: "[He / she may] have information regarding the facts and circumstances of this matter, including but not limited to, the events leading up to,

1

surrounding, and following the subject incident. *[The person] may be contacted through undersigned counsel.*" (R. Doc. 26-3) (emphasis in original). Defendants also gave Plaintiff a list of documents they believed could contain discoverable information, but the actual documents were not provided. Defendants also notified Plaintiff that they believed he was not injured as a result of their actions and that, regarding insurance, the Louisiana Department of Public Safety and Corrections is covered by Louisiana's Office of Risk Management, a self-insured entity.

On October 24, 2025, Plaintiff filed the Motion, arguing Defendant's document list did not comply with Rule 26. (R. Doc. 26-2). According to Plaintiff, a Fed. R. Civ. P. 37 ("Rule 37") conference was held wherein Defendants refused to produce the documents and advised they would have to be requested in discovery. Plaintiff argues Defendant's list of persons is not proper since the same description is given for each person and it is not clear which person knows what, who is an eyewitness, where they may be served, or who should be added as a party.

On November 13, 2025, Defendants filed an opposition. (R. Doc. 30). According to them, Plaintiff's counsel did not confer in good faith as she unilaterally called Defendants' counsel, demanded the disclosed documents without any discussion, and filed the motion hours later. Defendants argue that Rule 26 does not require the production of documents. Defendants also point out, regarding their list of persons, that they noted which individuals were involved in the investigation of the subject incident or were Plaintiff's medical providers.[1] They also note that Plaintiff points to no supporting law.

Plaintiff replied on December 3, 2025, stating, without legal support, that a party may only "merely list a document . . . when it is equally available to all parties." (R. Doc. 39). Plaintiff also reiterated that the Defendants' descriptions of the listed persons were lacking and

---

[1] "[This medical professional] may have information regarding the medical treatment received by Plaintiff following the subject incident." (R. Doc. 26-3 at 1).

2

were part of the reason Plaintiff could not identify the defendant female officer. Plaintiff argued the Rule 37 conference was valid as the parties could not come to an agreement.

On December 10, 2025, Plaintiff filed a Motion to File a Second Reply, asking to be allowed to file briefing to explain a service attempt made on a person listed as "Keenan Letcher" in Defendants' initial disclosures. (R. Docs. 49). In the proposed briefing, Plaintiff explains that, while attempting service, one of her attorney's employees learned that "Keenan Letcher" should have been spelled "Keenen Letcher" and that he could not be served through the Louisiana Department of Public Safety and Corrections as he had not been employed with the Department since August 20, 2025. (R. Docs. 49-2; 49-3; 49-4). In short, the individual's name was misspelled in the initial disclosures. Plaintiff argues that this would not be happening if Defendant had complied with Rule 26.

## II.    Law and Analysis

### A.    Meet and Confer

Rule 37 states any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." It "must accurately and specifically convey . . . who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Persley v. State Farm Mut. Auto. Ins. Co.,* No. 5:19-CV-01685, 2021 WL 1095323, at *2 (W.D. La. Feb. 16, 2021) (citations and quotations omitted). Here, Plaintiff's Rule 37 certificate and the briefing reveal a conference occurred, hours before the Motion was filed, wherein the supplements to the Rule 26 disclosures were demanded, not discussed, and the parties could not agree. This Court will consider the Motion since a Rule 37 conference occurred, but no fees shall be awarded to Plaintiff as the conference was not conducted in good

3

faith. *See Bennett v. Koch Methanol St. James, LLC*, No. CV 21-662-SDD-RLB, 2023 WL 3611545, at *3 (M.D. La. May 23, 2023) ("The parties are expected to try to resolve the issues, not simply point them out. Rule 37(a)(1) requires the parties to engage with each other.").

### B. The List of Documents

Rule 26 requires that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A). As Defendants point out, the advisory committee's notes on the 1993 amendments to Rule 26 provide that the disclosure requirement of Rule 26(a)(1)(A)(ii) "does not require production of any documents." The advisory committee's notes also "clarify that documents identified, but not produced, under Rule 26(a)(1) should be sought by the non-disclosing party through a formal request of discovery under Rule 34[.]" *Hayes v. Frontera Produce, Ltd.,* No. CIV.A. 12-588-BAJ, 2013 WL 6174799, at *2 (M.D. La. Nov. 20, 2013); *see Sizemore v. Wal-Mart Stores, Inc.*, No. CIV.A. H-05-1589, 2006 WL 1698291, at *3 (S.D. Tex. June 16, 2006) ("Rule 26(a) . . . requires only that the documents be described by category and location[;] Plaintiff could then request production of the described documents [under Fed. R. Civ. P.] 34(b).").

The documents at issue here were described as follows by Defendants:

1. ARP EHCC-2024-658; 2. Certified Medical Records of Torrance Verdin dated until July 2025; 3. DPSC Policy – Disciplinary Rule & Procedures for Adult Offenders 4. DPSC Policy – Use of Force (No. 300-A01) 5. Disciplinary Reports concerning Torrance Verdin dated September 21, 2024; 6. Roll Call Roster including Torrance Verdin dated September 21, 2024; 7. Unusual Occurrence Report regarding Torrance Verdin dated September 21, 2024; 8. Investigation Report DPO-24-I-014A; 9. Fox 3 Dorm Logbook dated September 2, 2024; 10. Inmate Tier Roster for Fox 3 Dorm C&D Tiers dated September 21, 2024;

4

(R. Doc. 26-3 at 3). Defendants' description of each document is more specific than the "by category" requirement as the documents' titles are given. As for the "location" of the documents, it is clear they are in Defendants' possession—Plaintiff even assumes as much. (R. Doc. 26-2). Defendants had the *option* of producing the documents under Rule 26, but it had no duty to do so. Thus, this Court will not compel Defendants to provide the listed documents at this time. They should be sought in discovery.

> **C.    The List of Persons**

Rule 26 requires that "a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A). This Court finds that the disclosures fail to include the name or address for every individual identified, except for Charles Creel, or whether such information is known by Defendants. "While it appears that certain individuals are employees of [the Louisiana Department of Public Safety and Corrections] and may be contacted through counsel, it is not as clear with respect to others[; thus,] within seven days of the date of this Order, Defendants shall supplement their [d]isclosures and provide the address and telephone number of each identified individual[, and i]f that information is unknown, Defendants shall specifically state so in the supplement." *Waste Away Consulting, LLC, v. Env't Waste Sols.,* No. CV 16-389-JWD-RLB, 2016 WL 6699141, at *2 (M.D. La. Nov. 14, 2016). In supplementing, Defendants should be aware that "Rule 26 merely allows for an address where the witness may be contacted; it does not require the disclosure of a home address and phone." *Paulk v. Fries,* No. CV SA-12-CV-1001-FB, 2013 WL 12129935, at *2 (W.D. Tex. Apr. 9, 2013). Accordingly,

5

if a listed person is an employee of the Louisiana Department of Public Safety and Corrections, the persons may simply be contacted through Defendants' counsel. One person, for example, whose contact address should be provided is Keenen Letcher, as he is not an employee of the Louisiana Department of Public Safety and Corrections. The parties shall confer as to whether that contact information should be kept confidential and not used other than for purposes of service. The Court does not find that any other supplementation is necessary or warranted.

### III. Conclusion

**IT IS ORDERED** that the Motion to File a Second Reply (R. Doc. 49) is **GRANTED**. The Clerk's Office shall enter the Second Reply (R. Docs. 49-2; 49-3; 49-4) into the record.

**IT IS FURTHER ORDERED** that the Motion (R. Doc. 26) is **GRANTED IN PART** and **DENIED IN PART**, with the parties to bear their own costs and Defendants to supplement their original disclosures, in accordance with this Order, within **seven (7) days** of its signing.

Signed in Baton Rouge, Louisiana, on January 6, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**